104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul HARDY, Plaintiff-Appellant,
v.
CITY OF GLENDALE; Officer Dekruff; Sgt. Barnes; Mr.
Peatrowsky; Glendale Humane Society; Officer
Muzquiz; Officer Bernsten, Defendants-Appellees.
 No. 96-55246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Dec. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Hardy appeals pro se the district court's summary judgment in favor of the City of Glendale, the Glendale Humane Society, several Glendale police officers, and several Glendale Humane Society officers in his 42 U.S.C. § 1983 action alleging that the police and humane society officers violated Hardy's constitutional rights by seizing Hardy's dog, Shane, from its kennel at Hardy's apartment complex and by refusing to release Shane to Hardy for more than two days. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 A. Liability of City of Glendale and Glendale Humane Society
 
 
 4
 Hardy contends that the City of Glendale and the Glendale Humane Society (collectively "municipal defendants") unlawfully seized and detained his dog, Shane, in violation of his constitutional rights.
 
 
 5
 In order to state a claim against a municipality under § 1983, a plaintiff must demonstrate a direct causal link between a municipal policy or custom and the alleged constitutional violation. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). The policy or custom must be a deliberate or conscious choice by a municipality's final policy-making official, see Penbaur v. City of Cincinnati, 475 U.S. 469, 483 (1986), and cannot be imposed via respondeat superior. See Harris, 489 U.S. at 385. Hardy does not allege a specific policy or plan by the municipal defendants to support the allegations in his complaint. Our review of the record reveals that Hardy could not support his claim of municipal liability. See id. Accordingly, the district court properly granted summary judgment on this contention. See id.
 
 B. Warrantless Search and Seizure
 
 6
 Hardy contends that Officer Muzquiz violated his Fourth Amendment rights when she allegedly conducted a warrantless search. The district court held that Muzquiz was entitled to qualified immunity on this claim.
 
 
 7
 The qualified immunity test consists of three prongs: 1) the identification of a specific right allegedly violated; 2) whether the conduct complained of violated the clearly established right, and 3) in light of the established law, could the defendants have reasonably believed that their actions were lawful. Alexander v. City and County of San Francisco, 29 F.3d 1355, 1363 (9th Cir.1994). Here, Muzquiz observed Shane in a common driveway. Because Shane was within plain view of Muzquiz, she did not violate Hardy's Fourth Amendment rights. Accordingly, because Muzquiz's acts did not violate clearly established law, she was entitled to qualified immunity and the district court's grant of summary judgment on this issue was proper. Id..
 
 
 8
 Hardy also contends that the seizure of Shane violated his Fourth Amendment rights. Here, the defendants acted reasonably based upon their observations of Shane's appearance and their reliance on Cal. Penal Code § 597.1(a).[1] There is nothing in the record to indicate that the officers acted with less than reasonable good faith and the district court did not err by granting summary judgment on this issue. See Maag v. Wessler, 960 F.2d 773, 776 (9th Cir.1991).
 
 C. Due Process Claim
 
 9
 Hardy contends that the district court erred by holding that he lacked standing to bring a due process claim.
 
 
 10
 The basis of Hardy's due process claim was that he received improper notice that Shane was seized. Although the defendants' erroneously notified Hardy that Shane was seized for a violation of a leash law, rather than notice pursuant to Cal. Penal Code § 597.1(f),[2] Hardy received notice of the correct grounds for his dog's seizure once he contacted the police department. Furthermore, because Shane was released within ten days, Hardy's contention that he did not receive a proper hearing was meritless. See Cal. Penal Code 597.1(f)(E)(2). Because Hardy failed to suffer any injury from the defendants' acts, the district court did not err by holding that he lacked standing to bring a due process claim. See McMichael v. County of Napa, 709 F.2d 1268, 1270-71 (9th Cir.1983).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hardy's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California Penal Code § 597.1(a) provides, "When the officer has reasonable grounds to believe that very prompt action is required to protect the health or safety of the animal or the health or safety of others, the officer shall immediately seize the animal."
 
 
 [2]
 California Penal Code § 597.1(f) requires police to provide a pet owner notice and an opportunity to contest a seizure by requesting a hearing within ten days of the notice